UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. BADGER, et al.<br><br>　　　　Defendants. | 1:19-cv-00702-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR ISSUANCE OF SUBPOENA<br><br>(ECF Nos. 6, 7) |

Plaintiff, Joshua D. Bland, a state prisoner, is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action in the California Superior Court for the County of Kern on August 3, 2018. (ECF No. 1 at 5.) Defendants removed the action to federal court on May 20, 2019, based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(a), 1446. (Id. at 1.) Before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 6) and Plaintiff's Motion for Issuance of Subpoena (ECF No. 7).

　A.　Motion for Appointment of Counsel (ECF No. 6)

On June 3, 2019, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 6.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

1

*Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, plaintiff's motion for the appointment of counsel is denied without prejudice.

B. Motion for Issuance of Subpoena (ECF No. 7)

Plaintiff has filed a motion requesting that the Court issue a subpoena requiring Lieutenant C. Waddle of the Kern Valley State Prison to appear and testify at a hearing or trial in this civil action. (ECF No. 7.) This case is in the early stages of proceeding, and is specifically in the screening stage. Discovery has not opened, and neither a hearing nor a trial has yet been set. Assuming Plaintiff has stated a cognizable claim(s) against at least one of the named defendants, and the case proceeds to trial, Plaintiff will be given the opportunity to seek discovery and subpoena witnesses for trial. The Court thus denies plaintiff's motion for issuance of a trial subpoena without prejudice.

C. Magistrate Judge Jurisdiction

Plaintiff has expressed confusion as to the effect of his consent to the jurisdiction of the magistrate judge. (*See* ECF No. 7 ("I, Plaintiff, am noticing the court that I had sent the court my consent to the jurisdiction of US Magistrate Judge. I don't understand... does my consent not matter?")

2

Under 28 U.S.C. § 636(c), "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter . . . ." A plaintiff's consent alone is insufficient to vest a magistrate judge with full jurisdiction over a civil action where unserved defendants have not consented to that jurisdiction. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, although Plaintiff has consented to the jurisdiction of a magistrate judge (ECF No. 5), the magistrate judge does not have jurisdiction over all proceedings in this civil matter until and unless *all parties* consent to such jurisdiction.

IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 6) and motion for issuance of subpoena (ECF No. 7) are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 31, 2019**

/s/ *Erin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE