UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>Plaintiff,<br><br>v.<br><br>D. BADGER, et al.<br><br>Defendants. | 1:19-cv-00702-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 22) |

Plaintiff, Joshua D. Bland, a state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 3, 2019, Plaintiff filed a motion for the appointment of counsel, which the Court denied. (ECF Nos. 6, 10). The Court subsequently screened Plaintiff's complaint and the case is proceeding on Plaintiff's claims for Eighth Amendment deliberate indifference to serious risk of harm against M. Flores and M. Stane; for Eighth Amendment harassment against M. Flores; and for conspiracy against M. Flores and M. Stane (ECF No. 11). Before the Court is Plaintiff's Second Motion for Appointment of Counsel (ECF No. 22).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

1

*Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, IT IS ORDERED that Plaintiff's second motion for appointment of counsel (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 6, 2019**            /s/ Eric P. Groig
                                        UNITED STATES MAGISTRATE JUDGE