UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH D BLAND,<br><br>          Plaintiff,<br><br>     v.<br><br>D. BADGER, *et al.*,<br><br>          Defendants. | Case No. 1:19-cv-00702-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO WITHDRAW FROM SETTLEMENT AGREEMENT BE DENIED AND THAT THE CASE BE DISMISSED<br><br>(ECF Nos. 34, 35, 36, 37, 39, 45)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Josh D. Bland, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case settled (ECF No. 40), and the parties filed a stipulation for dismissal of this action with prejudice (ECF No. 34). Plaintiff has filed two requests that the settlement be rescinded (ECF Nos. 35, 36). For the reasons set forth below, the Court recommends that Plaintiff's requests be denied and that this case be dismissed with prejudice pursuant to the parties' settlement agreement.

I.      BACKGROUND

Magistrate Judge Jeremy D. Peterson conducted a settlement conference in this case on December 5, 2019. (ECF No. 40.) After a settlement had been reached, the settlement judge had Defendants' counsel state on the record what the terms of the settlement were. Those terms included that Plaintiff would be paid a total sum of $3,000, and that Plaintiff agreed to dismiss this case (and two other cases) with prejudice by signing a stipulation for voluntary dismissal

and the settlement agreement and release in the present case, and to dismiss the other two cases by signing a notice of voluntary dismissal with prejudice in each of those cases. (ECF No. 45-1 at 17-23.) Judge Peterson then asked Plaintiff if the summary of the settlement agreement recited by Defendants' counsel was correct, and Plaintiff responded, "Yes." (*Id.* at 19.)

The parties finalized the settlement paperwork approximately one hour later. (ECF No. 45-1 at 2.) Plaintiff signed both the settlement agreement (*id.* at 5-8) and the stipulation for voluntary dismissal of this action with prejudice (*id.* at 9-10). On both documents, Plaintiff placed the words "without prejudice" above his signature. (*Id.* at 5-8, 9-10.)

Because Plaintiff had placed the words "without prejudice" above his signature, the Court directed the parties to either file a revised stipulation without the words "without prejudice" above Plaintiff's signature or to submit briefing regarding the effect of those words. (ECF No. 35.) On December 10, 2019, Plaintiff filed an "Exigent Notice to the Court of Pltf.'s Rescinding & Revoking his Signature(s) under Necessity." (ECF No. 36.) On December 20, 2019, Plaintiff filed a "2d Notice of Pltf.'s Revoking & Rescinding His Signature(s) from Any Settlement Document(s)." (ECF No. 37.) On December 31, 2019, Defendants filed their response to the Court's order requiring a revised stipulation or supplemental briefing (ECF No. 39), and on January 16, 2020, Defendants filed their opposition to Plaintiff's motion to withdraw from the settlement agreement. (ECF No. 45.)

## II.    PLAINTIFF'S REQUESTS FOR RESCISSION

In Plaintiff's "Exigent Notice to the Court of Plts.'s Rescinding & Revoking his Signature(s) under Necessity," Plaintiff states that he "rescinds and revokes its signature(s) from the case settlement papers/contract, under necessity. As Pltf. was not given time to read the 'Defendant's Initial Disclosure Pursuant to ECF No. 19," as said "Disclosure" is of the incident reports to which KVSP had told Pltf. did not exist." (ECF No. 36.) Plaintiff also states that he would, "if possible, like to re-do the settlement conference as Pltf. also felt rushed into settlement by his Honorable Jeremy D. Peterson, due to the settlement conference starting late and his Honor having to go to some meeting; and for Pltf. not being able to get any sleep the

prior night due to his imminent danger issues and medical problems with his spine with no

relief for the excruciating pain he suffers on a minute-to-minute basis." (*Id.*)

In Plaintiff's "2d Notice of Pltf.'s Revoking & Rescinding His Signature(s) from Any

Settlement Document(s)," Plaintiff makes various arguments about the merits of his case, and

notes that he was not able to read over Defendants' initial disclosures until December 6, 2019,

the day after settlement. ((ECF No. 37.) Plaintiff also contends that he signed the settlement

documents

> under duress and coercion as Plaintiff was not of sound mind upon
> first signing. [Defendants' counsel] had misrepresented the material
> matter when Pltf. told him of the imminent dangerous issues Pltf.
> was having, and that he did not get any sleep the prior night due to
> being physically battered some one week prior by the prison
> officials and continuously being harassed with threats of physical
> harm and being sexually harassed by the officers. With
> [Defendants' counsel] telling Pltf. that, "That's not my problem"
> and "there's nothing I can do about that." To allow the settlement
> document(s) [to] stand as is would allow a fraud to stand.

(*Id.* at 9.)

## III.   DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST TO WITHDRAW

Defendants request that the settlement agreement be enforced and that this case (and the

two other cases that were also settled during the December 5, 2019 settlement conference as

part of the settlement agreement) be dismissed with prejudice. (ECF Nos. 39, 45.)

According to Defendants' counsel (ECF No. 45-1 at 1-3), the settlement conference

began at just after 10:00 a.m. Judge Peterson met with both parties jointly, then met with each

party individually. (*Id.*) Defendants' counsel provided a courtesy copy of the initial

disclosures—which were not due until December 15, 2019—to Judge Peterson and requested

Judge Peterson provide the courtesy copy to Plaintiff. (*Id.*) Plaintiff, with the assistance of

Judge Peterson, engaged in settlement discussions and made counter-offers during the

settlement negotiations. (*Id.*) Just before noon, the parties reached an oral settlement agreement,

and at 1:00 p.m., put the terms of the settlement agreement on the record. (*Id.*) At

approximately 2:00 p.m., the parties executed a written settlement agreement and voluntary

stipulation for dismissal with prejudice of this action and the two other cases that were settled

as part of the settlement agreement. (*Id.*) After the settlement agreement and voluntary

stipulations for dismissal were executed, Plaintiff asked Defendants' counsel about a potential

excessive force claim. (*Id.*) Defendants' counsel states that he informed Plaintiff that he

(Defendants' counsel) could not provide Plaintiff with legal advice but that to the extent

Plaintiff wanted to pursue a possible lawsuit, Plaintiff should exhaust his administrative

remedies. (*Id.*)

## IV. LEGAL STANDARDS

"The construction and enforcement of settlement agreements are governed by

principles of local law which apply to interpretation of contracts generally." *United*

*Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citation

and internal quotation marks omitted). "Under California law, settlement agreements are

governed by general principles of contract law." *Adams v. Johns-Manville Corp.*, 876 F.2d

702, 704 (9th Cir. 1989).

The Court has inherent authority to enforce settlement agreements between the parties in

cases pending before it. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d

986, 1013-1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds, Quest*

*Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276

F.3d 1131, 1136-1138 (9th Cir. 2002). To enforce a settlement agreement, two elements must

be satisfied. First, the settlement agreement must be complete. *See Doi*, 276 F.3d at 1137;

*Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, the settlement

agreement must be the result of an agreement of the parties or their authorized representatives

concerning the terms of the settlement. *See Doi*, 276 F.3d at 1137-38; *Harrop v. Western*

*Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977).

Once a party enters into a binding settlement agreement, that party cannot unliterally

decide to back out of the agreement. *See, e.g., Doi*, 276 F.3d 1131; *Spitzer v. Aljoe*, 734 F.

App'x 457 (9th Cir. 2018); *Gastile v. Virga*, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10,

2015), *report and recommendation adopted*, 2015 WL 13065220 (E.D. Cal. June 10, 2015),

*aff'd*, 670 F. App'x 526 (9th Cir. 2016). However, under California law, a party can rescind a

4

contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the" other party to the contract. Cal. Civ. Code § 1689.

## V.    DISCUSSION

Plaintiff contends that the settlement agreement should be rescinded because (1) he did not have sufficient time to review Defendants' initial disclosures, which were provided to him during the settlement conference; (2) he was under "duress and coercion" and Defendants' counsel "misrepresented the material matter when Pltf. told him of the imminent dangerous issues Pltf. was having, and that he did not get any sleep the prior night due to being physically battered some one week prior by the prison officials and continuously being harassed with threats of physical harm and being sexually harassed by the officers"; and (3) he "was not of sound mind" when he signed the settlement documents. (ECF Nos. 36, 37.)

### A.  Initial Disclosures

As to the initial disclosures, the Court issued an order on October 15, 2019, setting the mandatory scheduling conference for January 15, 2020, and requiring the parties to provide their initial disclosures at least thirty days before that conference. (ECF No. 19.) Thus, the parties were required to provide their initial disclosures by December 15, 2019.

The settlement conference was held on December 5, 2019, ten days before the deadline for providing initial disclosures. That Defendants' counsel brought Plaintiff a courtesy copy of Defendants' initial disclosures to the settlement conference, and that Plaintiff may not have had an opportunity to thoroughly review those initial disclosures prior to agreeing to the settlement and entering into the settlement agreement, does not provide a valid basis for allowing Plaintiff to withdraw from the agreement.  Even if true, this fact does not amount to mistake, duress or any other legal basis to rescind the agreement.

### B.  Duress/Coercion and Fraud/Misrepresentation

Under California Civil Code § 1689, a party to a contract may rescind the contract if the party's consent to the contract was obtained through duress or fraud.

\\\

*1. Duress/Coercion*

A contract "may be set aside for duress only if it was . . . obtained by so oppressing a person by threats regarding the safety or liberty of himself . . . as to deprive him of the free exercise of his will. . . ." *In re Marriage of Broderick*, 257 Cal. Rptr. 397, 402 (Cal. Ct. App. 1989) (citations and internal quotation marks omitted). "Merely being put to a voluntary choice of perfectly legitimate alternatives is the antithesis of duress. . . . Encouragement is a far cry from coercion or denial of choice." *In re Exec. Life Ins. Co.*, 38 Cal. Rptr. 2d 453, 481 (Cal. Ct. App. 1995) (citing *United States v. Washington*, 431 U.S. 181, 187-188 (1977)).

Plaintiff has not set forth any basis for finding that he entered into the settlement agreement as a result of duress. Plaintiff contends that he felt "rushed" during the settlement conference. However, feeling "rushed" and not having enough time falls far short of the standard required to demonstrate duress and thus is insufficient to warrant rescinding the settlement agreement.

Moreover, the Court notes that the settlement conference lasted for almost two hours, during which time Judge Peterson met with the parties jointly as well as individually, and assisted Plaintiff in settlement negotiations, including making counter-offers. After the case was settled, the settlement agreement terms and conditions were placed on the record, and Plaintiff stated on the record that he agreed with the terms of the settlement agreement as set forth by Defendants' counsel. At no time did Plaintiff indicate any disagreement with the terms of the settlement agreement, or state on the record that he felt rushed and needed more time.

Plaintiff's contentions do not demonstrate that he entered into the settlement agreement as a result of duress or coercion.

*2. Fraud/Misrepresentation*

A party to a contract may set aside a settlement agreement for fraud if the party "was actually deceived by misrepresentation of a material fact and the other party . . . intended to deceive by a misrepresentation of such material fact. Further, the party seeking to rescind must rely upon the fraudulent representation  to his injury and damage before he can have the

6

contract rescinded." *Contra Costa Cty. Title Co. v. Waloff*, 7 Cal. Rptr. 358, 362 (Ct. App. 1960).

Plaintiff has not set forth any basis for finding that Defendants' counsel made material misrepresentations to Plaintiff. Plaintiff contends that Defendants' counsel "misrepresented the material matter when Pltf. told him of the imminent dangerous issues Pltf. was having, and that he did not get any sleep the prior night due to being physically battered some one week prior by the prison officials and continuously being harassed with threats of physical harm and being sexually harassed by the officers." These alleged incidents of battery and sexual harassment about which Plaintiff apparently complained to Defendants' counsel are not a part of the present case. That Defendants' counsel may have told Plaintiff that he (Defendants' counsel) could not advise Plaintiff regarding the alleged incidents or do anything about them does not amount to a misrepresentation, let alone a material misrepresentation. Moreover, Plaintiff does not explain how he was deceived by Defendants' counsel's statements, or how he relied on those statements to his injury and damage. *See id.*

Plaintiff also contends that Defendants' counsel "is representing the wrong party!" (ECF No. 37 at 4.) It is unclear what Plaintiff is attempting to argue by making this contention. However, to the extent Plaintiff is arguing that Defendants' counsel should have been representing Plaintiff rather than Defendants, his argument is entirely without merit.

Plaintiff's contentions are insufficient to demonstrate that he entered into the settlement agreement as a result of fraud/misrepresentation by Defendants' counsel.

**C.  Unsound Mine**

California Civil Code § 39(a) provides: "A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before the incapacity of the person has been judicially determined, is subject to rescission." A party is entitled to rescind a contract under § 39(a) "'if, when he entered into the contract, he was not mentally competent to deal with the subject before him with a full understanding of his rights . . . .'" *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) (quoting *Smalley v. Baker*, 69 Cal. Rptr. 521 (Ct. App. 1968)). "The test in each instance is whether he understood the nature, purpose and effect of what he did." *Id.*

(quoting *Smalley*, 69 Cal. Rptr. 521) (alterations, internal quotation marks, and ellipses omitted).

Here, Plaintiff contends that he advised Defendants' counsel that Plaintiff did not get enough sleep the night before the settlement conference, and that Plaintiff was in excruciating pain due to a battery that had occurred recently and due to "imminent danger issues and medical problems with his spine with no relief for the excruciating pain he suffers on a minute-to-minute basis." These contentions are insufficient to demonstrate that Plaintiff was of unsound mind and did not understand the nature, purpose, and effect of the settlement agreement at the time that he entered into that agreement.

**D. Dismissal With versus Without Prejudice**

As noted previously, when Plaintiff executed the settlement agreement (ECF No. 45 at 5-8) and the stipulation for voluntary dismissal of this action with prejudice (*id.* at 9-10), he placed the words "without prejudice" above his signature. (*Id.* at 5-8, 9-10.)

Defendants' counsel has represented that Plaintiff said that by placing the "without prejudice" above his signature, Plaintiff intended to "'reserve his rights' to 'not be held accountable for a fictitious entity.'" (ECF No. 39-1 at 2.) Defendants' counsel also represented that Plaintiff stated that when Plaintiff signed the stipulation for voluntary dismissal, he intended to voluntarily dismiss the action with prejudice. (*Id.*)

Further, during the settlement conference, when the terms of the settlement agreement were placed on the record, Defendants' counsel stated that in return for Defendants' payment to Plaintiff of $3,000, Plaintiff agreed to dismiss the present case (and the other two cases) "with prejudice." (ECF No. 45-1 at 18.) Both the settlement agreement and the stipulation for voluntary dismissal, also state that dismissal is to be with prejudice. (ECF No. 34; ECF No. 45-1 at 5.)

Finally, Plaintiff has not argued in his requests to rescind the contract that he did not intend to dismiss the action without prejudice. He argues only that he wants to now rescind the settlement agreement.

1  The Court finds that, under the settlement agreement, the parties intended the dismissal

2  to be with prejudice.

3  **VI.  CONCLUSON AND RECOMMENDATION**

4  As stated by the court in *Doi*, "[a]t a time where the resources of the federal judiciary…

5  are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case

6  in open court, then subsequently disavowing the settlement when it suits [him]. The courts

7  spend enough time on the merits of litigation; we need not (and therefore ought not) open the

8  flood gates to this kind of needless satellite litigation." 276 F.3d at 1141.

9  For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's requests to rescind

10  the settlement agreement (ECF Nos. 36, 37) be DENIED and that this case be DISMISSED

11  with prejudice.

12  These findings and recommendations will be submitted to the United States district

13  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

14  **thirty (30) days** after being served with these findings and recommendations, Plaintiff may

15  file written objections with the Court. The document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations."

17  Plaintiff is advised that failure to file objections within the specified time may result in

18  the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

19  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21  IT IS SO ORDERED.

22  Dated:  **January 30, 2020**        /s/ *Erica P. Grosjean*

23                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28