1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA BLAND,                          No.  1:19-cv-00702-DAD-EPG (PC)

12                   Plaintiff,

13          v.                              ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS
14   D. BADGER, et al.,
                                            (Doc. Nos. 36, 37, 46)
15                   Defendants.

16

17          Plaintiff Joshua Davis Bland is a state prisoner proceeding pro se and *in forma pauperis* in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          The parties filed a stipulation for dismissal of this action with prejudice on December 6,

21   2019, following their settlement of the case.  (Doc. Nos. 34, 40.)  On December 11, 2019,

22   however, plaintiff filed a request to rescind the settlement agreement.  (Doc. No. 36.)  Plaintiff

23   filed a second request seeking the same relief on December 20, 2019.  (Doc. No. 37.)  On January

24   31, 2020, the assigned magistrate judge entered findings and recommendations recommending

25   that plaintiff's requests to rescind the settlement agreement be denied and that the case be

26   dismissed with prejudice.  (Doc. No. 46.)  Plaintiff was provided an opportunity to file objections

27   to the findings and recommendations within thirty (30) days.  (*Id.* at 9.)  Plaintiff filed timely

28   objections.  (Doc. No. 48.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff states that he agrees with the findings and recommendations. (Doc. No. 48 at 1.)  Plaintiff goes on to explain that under the parties' Settlement Agreement, California Department of Corrections and Rehabilitation ("CDCR") was to pay him the $3,000 settlement amount, but that California Penal Code § 2085.8 requires CDCR to collect any amounts owed by a prisoner under a restitution fine or order.  (*Id.*)  Plaintiff challenges the use of the term "prisoner" as applied to him in this regard and argues that the settlement amount should be forwarded in full to his agent and "attorney-in-fact," Jeffrey A. Bland.  (*Id.* at 2–3.)  Plaintiff further argues that defense counsel should amend the payee data form accordingly.  (*Id.* at 3.)

Nothing in plaintiff's objections call into question the analysis set forth in or the conclusion reached by the pending findings and recommendation.[1]   Indeed, in this objections plaintiff has stated he agrees with those findings and recommendations. Accordingly:

1.  The findings and recommendations entered January 31, 2020 (Doc. No. 46) are adopted in full;

2.  Plaintiff's requests to rescind the settlement agreement (Doc. Nos. 36, 37) are denied;

3.  This action is dismissed with prejudice; and

4.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 21, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[1]  The court notes that plaintiff's arguments regarding California Penal Code § 2085.8 and its applicability to him under his current circumstances these arguments are outside the scope of the pending findings and recommendations or any other issue he has placed before the court.